**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENNETH B. JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3194** |
| **BURL CAIN, WARDEN** | **SECTION "I"(3)** |

### SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus action filed by petitioner, Kenneth B. Jackson, is before the court pursuant to the district judge's remand order.[1]  For the reasons set forth below, it is recommended that petitioner's application for habeas corpus relief be **DENIED**.

## I. **PROCEDURAL HISTORY**[2]

On October 9, 2007, petitioner was convicted of first-degree robbery in the Twenty-Second Judicial District Court for the Parish of St. Tammany.[3]  On February 15, 2008, Jackson was found to be a fourth-felony offender and sentenced to a mandatory life sentence.[4]  On December 20, 2011, after proceeding through the state direct appeal and post-conviction processes, Jackson filed a petition for writ of habeas corpus challenging his conviction and fourth-felony offender

---

[1]Rec. Doc. No. 17.

[2]The court will provide an abbreviated procedural history relevant to the issue presently before the court.  The full procedural history is set forth in the original report and recommendation.  Rec. Doc. No. 13, pp. 1-3.

[3]St. Rec. Vol. 1 of 5, p. 175.

[4]St. Rec. Vol. 3 of 5, pp. 585-608.

adjudication.[5]  On April 23, 2012, United States Magistrate Judge Louis Moore, Jr., issued a report

and recommendation addressing Jackson's claims and recommending that Jackson's habeas petition

be dismissed with prejudice.[6]  On May 8, 2012, Jackson filed his objections to the magistrate judge's

report and recommendation.[7]  On May 9, 2012, the district court issued an order providing:

> Petitioner's objections are REFERRED and REMANDED to the U.S. Magistrate
> Judge for the purpose of preparing a supplemental report and recommendation with
> respect to the following specific objections argued by petitioner:
>
>> 1. Whether the Louisiana state crime of theft of animals valued at
>> $500.00 or more[8] is a felony that may be used to enhance the
>> sentence of a multiple offender;
>>
>> 2. Whether counsel was ineffective when, as alleged by petitioner,
>> he allegedly argued that the jury should find the petitioner guilty of
>> theft over $500.00, which conviction would expose petitioner to a life
>> sentence;
>>
>> 3. Whether the procedure used to find petitioner to be a multiple
>> offender was violative of the United States Constitution in that the
>> state failed to prove petitioner's identity with respect to the
>> convictions used as predicates for multiple offender status.[9]

---

[5]Rec. Doc. No. 1. Jackson claimed that his trial counsel failed to present an available defense, failed
to object to comments regarding Jackson's right to remain silent, conceded Jackson's guilt during
his closing argument and would not allow Jackson to take the stand.  Jackson also claimed that
appellate counsel failed to contest the fact that uncertified computer printouts from the "Cajun II"
database were admitted to prove he was one and the same person with prior convictions of simple
burglary of an inhabited dwelling and armed robbery and failed to contest his fourth-felony offender
status due to the State's failure to produce perfect *Boykin* transcripts.

[6]Rec. Doc. No. 13.

[7]Rec. doc. no. 14.

[8]LSA-R.S. 14:67.2.

[9]Rec. Doc. No. 15 (footnote original).

On May 31, 2012, after a supplemental report and recommendation was issued,[10] the district court issued an Order providing, in pertinent part:

> Issue no. 3 . . . is directed to the procedure used by the state to convince the state court that petitioner was a multiple offender. Specifically, petitioner alleged that the state failed to prove petitioner's identity with respect to certain convictions used as predicates for his multiple offender status and that the records used to support the trial judge's decision were inadmissible. . . . IT IS ORDERED that this matter is REMANDED to the U.S. Magistrate Judge for further examination with respect to the third issue. Specifically, the U.S. Magistrate Judge should review the exhibits introduced during the multiple bill hearing in order to **determine whether the admissible evidence was sufficient to support [petitioner's] fourth felony offender adjudication**." [Emphasis added.][11]

On June 6, 2012, this matter was realloted to the undersigned magistrate judge.[12]

## II. **APPLICABLE FACTS**[13]

At Jackson's February 15, 2008 multiple offender hearing, the State introduced the following exhibits: Exhibit 1 - the curriculum vitae of expert witness Michael Futch. Exhibit 2 - Jackson's fingerprints, taken on the date of the hearing, along with a date of birth of 01/12/66. Exhibit 3 - a certified copy of Jackson's bill of information charging him with possession of cocaine with Jackson's fingerprints on the back of the bill of information.[14] Exhibit 4 - a certified copy of a bill

---

[10]Rec. Doc. No. 16.

[11]Rec. Doc. No. 17.

[12]Rec. Doc. No. 19.

[13]The court will provide those facts relevant to the issue remanded to this court by the district judge. A full recitation of the facts established at trial is contained in the original report and recommendation. Rec. Doc. No. 13, pp. 3-6.

[14]There are other documents comprising Exhibit 3. However, Jackson does not contest that the fingerprints on the back of the bill of information were sufficient to prove he is one and the same

of information charging Kenneth Jackson with simple burglary of an inhabited dwelling; a certified copy of a guilty plea to the charge of simple burglary of an inhabited dwelling signed by Kenneth Jackson; a certified copy of a sentencing form reflecting that Kenneth Jackson was sentenced to twelve years imprisonment for simple burglary of an inhabited dwelling and providing a birth date of 01-12-66. Exhibit 5 - a certified copy of a bill of information charging Jackson with unauthorized entry of an inhabited dwelling with fingerprints on the back of the bill of information.[15] Exhibit 6 - a certified copy of a bill of information charging Kenneth Jackson with armed robbery; a certified copy of a pre-trial conference order in the armed robbery proceeding captioned *State of Louisiana v. Kenneth Jackson, Charles Picot, III*; a certified copy of a guilty plea to the charge of armed robbery signed by Kenneth Jackson; a certified copy of a sentencing form reflecting that Kenneth Jackson was sentenced to six years imprisonment for armed robbery and providing a birth date of 01-12-66. Exhibit 7 - uncertified computer entries from the Louisiana Department of Corrections' "Cajun II" database documenting that "Jackson, Kenneth" was convicted of unauthorized entry of an inhabited dwelling, simple burglary of an inhabited dwelling, possession of a "Schedule II" drug,[16] and armed robbery, providing information such as the parishes in which the crimes were committed, the courts in which the criminal proceedings took place, the names of the judges who

_____

person previously convicted for possession of cocaine.

[15]There are other documents comprising exhibit 5, but Jackson does not contest that the fingerprints on the back of the pertinent bill of information were sufficient to prove he is one and the same person convicted of unauthorized entry of an inhabited dwelling.

[16]Cocaine and its derivatives are listed in Schedule II. La. R.S. 40:964.

presided over the criminal proceedings and the dates of the convictions and sentencings, information

corroborated by the certified documents comprising Exhibits 2, 3, 4, 5, and 6.[17]

At the multiple bill hearing the State called as its first witness Deputy Michael Futch who

the court qualified as a fingerprint expert. Futch compared exhibit 2 (Jackson's fingerprints on the

date of the multiple offender hearing) with exhibit 3 (fingerprints associated with the possession

of cocaine conviction) and exhibit 5 (fingerprints associated with the unauthorized entry of an

inhabited dwelling conviction) and concluded that all of the prints came from one and the same

person, Kenneth Jackson.[18]

The State next called State Probation Officer Robert Indest as a witness. Indest provided

testimony with respect to Exhibit 7, the computer entries from the Louisiana Department of

Corrections' Cajun II database documenting that "Jackson, Kenneth" was convicted of unauthorized

entry of an inhabited dwelling, simple burglary of an inhabited dwelling, possession of cocaine, and

armed robbery. Indest testified that the Cajun II is a computer database in which all of a defendant's

criminal convictions in the State of Louisiana are listed.[19] Indest testified that the Cajun II database

constituted business records maintained by the Louisiana Department of Corrections for the purpose

of identifying and tracking, via fingerprints, offenders as they enter the state correctional system.[20]

Indest stated that he "pulled up" the Cajun II computer database forms. Indest, however, did not

---

[17]Copies of the above listed exhibits are contained in the St. Rec. Vol. 5 of 5.

[18]St. Rec. Vol. 3 of 5, pp. 593-594.

[19]St. Rec. Vol. 3 of 5, p. 596.

[20]St. Rec. Vol. 3 of 5, p. 596.

create or generate the computer forms. Indest explained that only a few individuals can input data into the Cajun II database and those individuals verify the accuracy of the data entries via a fingerprint analysis.[21]

## III. ANALYSIS

Jackson claims that the Cajun II database records constituted inadmissible hearsay evidence and were introduced at his sentencing in violation of his Confrontation Clause rights under the Sixth and Fourteenth Amendments to the United States Constitution. Jackson contends that the person who actually performed the fingerprint analysis to create the computer data entries was required to testify in order to satisfy his right of confrontation. Jackson argues that as a result of this inadmissible hearsay evidence admitted in violation of his protection under the Confrontation Clause, he was found to have prior convictions of simple burglary of an inhabited dwelling and armed robbery and determined to be a fourth felony offender subject to a mandatory life sentence.[22]

---

[21]St. Rec. Vol. 3 of 5, pp. 596-597.

[22]A mandatory life sentence is warranted if an offender's third or fourth felony and two prior convictions are felonies defined as crimes of violence under R.S. 14:2(B) or a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes. *See* LSA-R.S. 15:529.1(A)(3)(b) and (A)(4)(b). If the simple burglary of an inhabited dwelling and armed robbery convictions are not considered, the only convictions attributable to Jackson are convictions for possession of cocaine and unauthorized entry of an inhabited dwelling, along with his first-degree robbery conviction. First-degree robbery is listed as a crime of violence under R.S. 14:2(B) and possession of cocaine is a violation of the controlled dangerous substance law punishable by imprisonment for ten years or more. Thus, both convictions may be used for the purpose of finding a defendant to be a third or fourth offender subject to a mandatory life sentence. However, unauthorized entry of an inhabited dwelling is not a conviction which may be counted for purposes of qualifying a defendant for a mandatory life sentence. Unauthorized entry of an inhabited dwelling, defined under LSA-R.S. 14:62.3, is not listed as a crime of violence, is not a violation of the controlled dangerous substance law, and is not a crime punishable by an

The issue to be resolved is whether sufficient admissible evidence was submitted to the trial court to support a finding that Jackson was a fourth-felony offender. As set forth in Magistrate Judge Moore's Supplemental Report and Recommendation,[23] a petitioner claiming there was insufficient evidence to support his multiple offender adjudication has a heavy burden of proof. To support such a claim, a petitioner must show that after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not find beyond a reasonable doubt that petitioner was a multiple offender. *Hunter v. Tanner*, 2012 WL 777309, at *5 (E.D. La. Feb. 9, 2012) (Chasez, MJ.), adopted, 2012 WL 777295 (E.D. La. March 6, 2012) (Zainey, J.) (citing *Woods v. Bronnenberg*, 921 F.2d 278 (Table), 1990 WL 223027, at *1 (7th Cir. 1990) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The question is whether the trial court's decision "was rational without passing on whether or not we believe it was a correct one." *U.S. v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999) (citing *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995)).

In addressing the sufficiency issue in its supplemental response,[24] the State offers the following arguments. The State contends that the court should not address the issue because Jackson

---

imprisonment term of twelve years or more. Thus, without the contested prior convictions, Jackson does not fall within the parameters of LSA-R.S. 15:529.1(A)(3)(b) and (A)(4)(b) which require the imposition of a life sentence.

[23]Rec. Doc. No. 16, p. 16.

[24]Rec. Doc. No. 21.

7

has failed to exhaust his state court remedies.[25] The State admits that it acquiesced to the fact that Jackson had exhausted his state court remedies in its original response.[26] The State, however, explains that its admission in this regard was based upon the fact that Jackson framed the issue in the context of an ineffective assistance of counsel claim. The State asserts that Jackson did not raise in his state court proceedings a "stand-alone" claim that the State provided insufficient evidence to prove his identity with respect to two of the convictions used to support his fourth-felony offender adjudication.[27]

A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); accord *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A federal habeas petition should be dismissed if state remedies have not been exhausted . . . . *Id*., 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519–20).

As noted in the original report and recommendation,[28] while Jackson initially sets forth the instant issue "in the context of an ineffectiveness claim,"[29] in his supporting memorandum he sets

---

[25]Rec. Doc. No. 21, pp. 1-3.

[26]Rec. Doc. No. 12, p. 4.

[27]Rec. Doc. No. 21, p. 2.

[28]Rec. Doc. No. 13, p. 23.

[29]Rec. Doc. No. 1, p. 5.

forth the issue in the context of an insufficiency of evidence claim.[30]   A review of Jackson's state

post-conviction briefs also show that Jackson initially framed the issue in the context of an

ineffective assistance claim, but argued that the State failed to provide sufficient evidence to prove

his identity with regard to two of the convictions used to support his fourth-felony offender

adjudication.[31] Given the broad interpretation to which *pro se* pleadings are entitled, the court finds

that Jackson has exhausted his state court remedies.   He presented his claim that there was

insufficient evidence to support his fourth-felony offender adjudication and the state courts denied

relief on the merits.

The State also argues that the Cajun II computer database evidence was admissible under

state law pursuant to Louisiana's business record exception to the hearsay rule.[32] La.C.E. art. 803(6)

provides an exception to the hearsay rule if the evidence constitutes a record kept in the course of

a regularly conducted business activity.  Probation Officer Indest testified that the Cajun II database

was created for the purpose of tracking the offenders coming in and out of the Louisiana Department

of Corrections' custody.[33]

---

[30]Rec. Doc. No. 1, pp. 43-45.

[31]*See* St. Rec. Vol. 4 of 5, district court habeas corpus application, pp. 20-23; St. Rec. Vol. 5 of 5, court of appeal brief, pp. 20-22; St. Rec. Vol. 5 of 5, supreme court application for certiorari, pp. 18-21.

[32]Rec. Doc. No. 21, pp. 5-7.  There is no dispute that the Cajun II computer database entries constituted hearsay evidence.

[33]St. Rec. Vol. 3 of 5, pp. 596-597.

In a factually similar case, *State v. Galatas*, 2010 WL 5464829 (La. App. 1ˢᵗ Cir. 12/22/10), the defendant claimed that the State failed to show that he was one and the same person with a prior conviction for possession of stolen property. The defendant argued that the State's supporting evidence, Cajun II database entries, constituted inadmissible hearsay evidence. *Id*. at *2. The state appellate court agreed, specifically finding that the Cajun II database entries did **not** fall under the business record exception to the prohibition against hearsay evidence. *Id*. at *3. The State has not provided and this court has not found any case in which a state court has held that Cajun II database evidence is admissible hearsay evidence under the business record exception provided under Article 803(6).[34]

Finally, the State argues that even if the uncertified Cajun II database entries (exhibit 7) were inadmissible, the admissible evidence (exhibits 2-6) was sufficient to prove Jackson was one and the same person with prior convictions for simple burglary of an inhabited dwelling and armed robbery. The State asserts and the exhibits reflect that the evidence connecting Jackson, via the fingerprints taken on the date of the hearing (exhibit 2), with the prior simple burglary of an inhabited dwelling conviction (exhibit 4) and the prior armed robbery conviction (exhibit 6) is his name and date of birth - 01/12/66.[35] The State also asserts that exhibit 3, connecting Jackson via

---

[34]The State seeks to distinguish *Galatas* from the instant case because the probation officer in *Galatas* failed to offer testimony that the database entries were "made at or near the time by, or from information transmitted by, a person with knowledge," as required under Article 803(6). Rec. Doc. No. 21, p. 6. The State's alleged distinction is non-existence. A review of Probation Officer Indest's testimony reflects that he did not offer any testimony regarding when the unidentified person or persons entered the prior conviction information into the Cajun II database. *See* St. Rec. Vol. 3 of 5, pp. 597-602.

[35]Rec. Doc. No. 21, p. 4.

fingerprints with a prior possession of cocaine conviction, also connects Jackson with the simple

burglary of an inhabited dwelling conviction because exhibit 3 contains a guilty plea to simple

burglary of an inhabited dwelling which was signed by Kenneth Jackson.[36] For the reasons set forth

below, this court need not decide whether the evidence presented in exhibits 2-6 was sufficient to

prove Jackson was a fourth-felony offender.

A defendant has no right to confrontation at the sentencing phase of his proceedings. As

such, hearsay evidence is admissible in such proceedings. *See Williams v. People of State of New*

*York*, 337 U.S. 241, 246 (1949) (sentencing judge can exercise wide discretion in the sources and

types of evidence used to determine punishment; out-of-court affidavits have frequently been used);

*United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006) (officer's hearsay testimony regarding

conversations with co-conspirator was admissible at defendant's sentencing; right to confront

witnesses does not apply to sentencing proceedings); *Szabo v. Walls*, 313 F.3d 392, 398 (7th Cir.

2002) (transcripts of witnesses' testimony admissible at sentencing; confrontation clause applies

through the finding of guilt, but not to sentencing) (citing *Williams*, 337 U.S. 241).

In *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005), *cert. denied*, 547 U.S.

1034 (2006), the issue to be resolved was whether hearsay evidence at the defendant's sentencing

hearing was admissible to prove his prior convictions. The court determined that the evidence was

admissible, stating: "The right of confrontation is not a sentencing right. The sentencing court did

not err . . . when it considered hearsay evidence to prove Cantellano's prior convictions." *Id*.

---

[36]Rec. Doc. 21, pp. 4-5.

In *Hill v. Secretary, Dept. Of Corrections*, 2012 WL 1020431, *6 (N.D. Fla. 02/28/12), *adopted*, 2012 WL 1059168 (N.D. Fla. 03/27/12), the State submitted hearsay evidence in the form of "a letter from the Florida Board of Executive Clemency" providing that the defendant had not been granted clemency on any of her prior convictions. The court found the hearsay evidence admissible for the purpose of proving defendant's prior convictions, stating:

> The Supreme Court repeatedly has held that hearsay statements and documents are admissible at sentencing proceedings. *See*, *e.g.*, *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *Williams v. Oklahoma*, 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959). Furthermore, the Eleventh Circuit recognizes that hearsay evidence may be considered at sentencing in proving a defendant's prior convictions. *U.S. v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir.2005). That is exactly what occurred at Petitioner's sentencing.

*Hill*, 2012 WL 1020431 at *6.

Based upon the above, the court finds that the hearsay Cajun II database entries (exhibit 7) were admissible at Jackson's February 15, 2008 sentencing to prove his prior convictions. The next question is whether, viewing the admissible evidence in a light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Jackson was the person with prior convictions for simple burglary of an inhabited dwelling and armed robbery.

With respect to the prior conviction for simple burglary of an inhabited dwelling, exhibits 4 and 7 reflect: 1) A Kenneth Jackson was charged with and convicted of simple burglary of an inhabited dwelling in the Twenty-Fourth Judicial District Court for the Parish of Jefferson ("24th JDC"); 2) 24th JDC Judge Martha Sassone presided over the criminal proceeding; 3) A Kenneth Jackson pled guilty to the charge of simple burglary of an inhabited dwelling; and, 4) A Kenneth Jackson received a twelve-year sentence as a result of his conviction for simple burglary of an

inhabited dwelling. Exhibits 3 and 4 reflect that on September 22, 1992, a Kenneth Jackson pled guilty to violating LSA-R.S. 14:62.2, simple burglary of an inhabited dwelling. Finally, exhibit 4 reflects that the Kenneth Jackson with a 1992 conviction for simple burglary of an inhabited dwelling has the same birth date, 01/12/66, as the Kenneth Jackson who was multiple billed on February 15, 2008.[37]

With regard to the prior conviction for armed robbery, exhibits 6 and 7 reflect: 1) A Kenneth Jackson was charged with and convicted of armed robbery in the 24th JDC; and, 2) 24th JDC Judge Ronald Loumiet sentenced a Kenneth Jackson on October 18, 1983 to a six-year term of imprisonment as a result of his armed robbery conviction. Additionally, exhibit 6 reflects that the Kenneth Jackson with a 1983 armed robbery conviction has the same birth date as the Kenneth Jackson who was multiple billed on February 15, 2008.

Viewing exhibits 2, 3, 4, 6 and 7,[38] in a light most favorable to the prosecution, the court finds that a rational trier of fact could find beyond a reasonable doubt that the Kenneth Jackson convicted on October 9, 2007 for first degree robbery was the same Kenneth Jackson with a 1992 conviction for simple burglary of an inhabited dwelling and a 1983 conviction for armed robbery.

---

[37]As noted above, exhibit 2 consists of the fingerprint card reflecting Jackson's fingerprints taken by Michael Futch on the day Jackson was multiple billed. The card also reflects a birth date of 01/12/66.

[38]Exhibit 1 was the curriculum vitae of expert witness Michael Futch and played no role in proving Jackson was a fourth-felony offender. Exhibit 5 concerned Jackson's prior conviction for unauthorized entry of an inhabited dwelling and contained no documentation linking Jackson to other prior convictions.

Thus, in response to the district judge's specific directive in his remand order,[39] **this court finds the admissible evidence was sufficient to support Jackson's fourth-felony offender adjudication**.

RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of Kenneth B. Jackson for federal habeas corpus relief be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[40]

New Orleans, Louisiana, this twenty-fifth day of October, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[39]*See supra* at p. 3.

[40]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.